UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LONDON

Eastern District of Kentucky
F I L E D

JUN 23 2005

AT LONDON
LESLIE G. WHITMER
CLERK U.S. DISTRICT COURT

CIVIL ACTION NO. 04-381-GWU

CURTIS J. BAILEY,                                              PLAINTIFF,

VS:                        MEMORANDUM OPINION

JO ANNE B. BARNHART,
COMMISSIONER OF SOCIAL SECURITY,            DEFENDANT,

## INTRODUCTION

Curtis Bailey brought this action to obtain judicial review of an unfavorable administrative decision on his applications for Disability Insurance Benefits and for Supplemental Security Income. The case is before the Court on cross-motions for summary judgment.

## APPLICABLE LAW

The Sixth Circuit Court of Appeals has established the following test for judicial analysis of benefit denial cases:

1. Is the claimant currently engaged in substantial gainful activity? If yes, the claimant is not disabled. If no, proceed to Step 2. See 20 C.F.R. 404.1520(b), 416.920(b).

2. Does the claimant have any medically determinable physical or mental impairment(s)? If yes, proceed to Step 3. If no, the claimant is not disabled. See 20 C.F.R. 404.1508, 416.908.

3. Does the claimant have any severe impairment(s)--i.e., any impairment(s) significantly limiting the claimant's physical or mental ability to do basic work activities? If yes, proceed to step 4. If no, the claimant is not disabled. See 20 C.F.R. 404.1520(c), 404.1521, 416.920(c), 416.921.

4. Can the claimant's severe impairment(s) be expected to result in death or last for a continuous period of at least 12 months? If yes, proceed to Step 5. If no, the claimant is not disabled. See 20 C.F.R. 404.920(d), 416.920(d).

5. Does the claimant have any impairment or combination of

1

impairments meeting or equaling in severity an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix I (Listing of Impairments)? If yes, the claimant is disabled. If no, proceed to Step 6. See 20 C.F.R. 404.1520(d), 404.1526(a), 416.920(d), 416.926(a).

6. Can the claimant, despite his impairment(s), considering his residual functional capacity and the physical and mental demands of the work he has done in the past, still perform his kind of past relevant work? If yes, the claimant is not disabled. If no, proceed to step 7. See 20 C.F.R. 404.1520(e), 416.920(e).

7. Can the claimant, despite his impairment(s), considering his residual functional capacity, age, education and past work experience, do other work--i.e., any other substantial gainful activity which exists in the national economy? If yes, the claimant is not disabled. See 20 C.F.R. 404.1505(a), 404.1520(f)(1), 416.905(a), 416.920(f)(l).

Garner v. Heckler, 745 F.2d 383, 387 (6th Cir. 1985).

In applying this analysis, it must be remembered that the principles applicable to judicial review of administrative agency action apply. Judicial review of the Commissioner's decision is limited in scope to determining whether the findings of fact made are supported by substantial evidence and in deciding whether the Commissioner employed the proper criteria in reaching his conclusion; the findings as to any fact, if supported by substantial evidence, shall be conclusive. Id. This "substantial evidence" is "such evidence as a reasonable mind shall accept as adequate to support a conclusion"; it is based on the record as a whole and must take into account whatever in the record fairly detracts from its weight. Id.

One of the factors in the administrative record may be the fact that the Commissioner has improperly failed to accord greater weight to a treating physician than to a doctor to whom the plaintiff was sent for the purpose of gathering information against his disability claim. Bowie v. Secretary, 679 F.2d 654, 656 (6th Cir. 1982). This presumes, of course, that the treating physician's opinion is based on objective medical findings. Houston v. Secretary of Health

2

and Human Services, 736 F.2d 365, 367 (6th Cir. 1984); King v. Heckler, 742 F.2d 968, 973 (6th Cir. 1984). Opinions of disability from a treating physician are binding on the trier of fact only if they are not contradicted by substantial evidence to the contrary. Hardaway v. Secretary, 823 F.2d 922 (6th Cir. 1987).

Additional information regarding the specific steps of the seven-part Garner test cited earlier is also valuable.

In step three of the analysis, the issue is whether the plaintiff has a "severe impairment," defined by the regulations to mean one which significantly limits one's ability to perform basic work activities, which is in turn defined as "the abilities and aptitudes necessary to do most jobs." 20 C.F.R. 404.1521, 416.921. The Sixth Circuit has definitely cautioned against overly-restrictive interpretation of this term. Farris v. Secretary of Health and Human Services, 773 F.2d 85 (6th Cir. 1985). The burden is upon the plaintiff, however, to provide evidence complete and detailed enough to enable the Commissioner to determine that there is such a "severe impairment," Landsaw v. Secretary of Health and Human Services, 803 F.2d 211 (6th Cir. 1986).

Step six refers to the ability to return to one's past relevant category of work. Studaway v. Secretary, 815 F.2d 1074 (6th Cir. 1987). The plaintiff is said to make out a prima facie case by proving that she or he is unable to return to this work. Lashley v. Secretary of Health and Human Services, 708 F.2d 1048, 1053 (6th Cir. 1983).

Once the case is made, however, if the Commissioner has failed to properly prove that there is work in the national economy which the plaintiff can perform, then an award of benefits may, under certain circumstances, be had. Faucher v. Secretary of Health and Human Services, 17 F.3d 171 (6th Cir. 1994). One of the ways that the Commissioner may meet his burden is through

3

the use of the medical-vocational guidelines.

However, the medical vocational guidelines themselves may not even be fully applicable if a non-exertional impairment is involved. When this happens, the Commissioner may use the rules as a framework for decision-making. 20 C.F.R. Part 404, Subpart P, Appendix 2, Rules 200.00(e). It may often be required for the agency to consult a vocational specialist in such cases. Damron v. Secretary, 778 F.2d 279 (6th Cir. 1985). Nonetheless, the finding by the Commissioner that a non-exertional impairment does not significantly affect the level of work that a claimant can do must be tantamount to a finding that this additional impairment is non-severe. Wages v. Secretary of Health and Human Services, 755 F.2d 495 (6th Cir. 1985).

One of the residual functional levels used in the guidelines, called "medium" level work, involves lifting no more than fifty pounds at a time with frequent lifting or carrying of objections weighing up to twenty-five pounds; a person capable of this level of exertion is also deemed capable of performing at lesser levels of "light" and "sedentary." 20 C.F.R. 404.1567(c), 416.967(c). "Light" level work, involves the lifting of no more than twenty pounds at a time with frequent lifting or carrying of objects weighing up to ten pounds; a job is in this category when it involves a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls; by definition, a person capable of this level of work activity, must have the ability to do substantially all these activities. 20 C.F.R. 404.1567(b), 416.967(b). A "sedentary" level job encompasses the capacity to lift no more than ten pounds at a time and occasionally lift or carry small articles and an occasional amount of walking and standing. 20 C.F.R. 404.1567(a), 416.967(a). The guidelines make it clear that disabilities such as postural restrictions or the

4

lack of bilateral manual dexterity compromise a person's ability to do a full range of this type of work; they also indicate that a finding of disabled is not precluded when the person is not able to do a full range of sedentary work, even if that person is a "younger individual." 20 C.F.R. Part 404, Subpart P, Appendix 2, Rules 200.00(e), 201.00(h).

Substantial evidence may be produced through reliance on the testimony of a vocational expert in response to a hypothetical question, but only "if the question accurately portrays (plaintiff's) individual physical and mental impairments." Varley v. Secretary of Health and Human Services, 820 F.2d 777 (6th Cir. 1987).

## DISCUSSION

The Administrative Law Judge (ALJ) concluded that Bailey, a 51 year-old former bailiff and truck driver with a "limited" education, suffered from impairments related to depression, anxiety, a pain disorder, arthritis, chronic obstructive pulmonary disease, hypertension, and a history of carpal tunnel syndrome. (Tr. 17, 19). While the plaintiff was found to be unable to return to his past relevant work, the ALJ determined that he retained the residual functional capacity to perform a restricted range of light level work. (Tr. 23). Since the available work was found to constitute a significant number of jobs in the national economy, the claimant could not be considered totally disabled. (Tr. 24). The ALJ based this decision, in large part, upon the testimony of a vocational expert. (Tr. 22-23).

After review of the evidence presented, the undersigned concludes that the administrative decision is supported by substantial evidence. Therefore, the Court must grant the defendant's summary judgment motion and deny that of the plaintiff.

5

The hypothetical question presented to Vocational Expert Linda Sparrow included a limitation to light level work, restricted from a full range by such non-exertional restrictions as (1) a need to avoid frequent, repetitive handling and manipulation with the upper extremities and to avoid repetitive overhead reaching; (2) an inability to ever crawl or climb ladders and ropes; (3) an inability to more than occasionally stoop, kneel, crouch; (4) a need to avoid exposure to moderate levels of fumes, odors, dust, gases and smoke; (5) a limitation to simple, one, two, or three-step instructions; and (6) a limitation to low stress work not requiring public contact or problem-solving. (Tr. 618). In response, the witness identified a significant number of light and sedentary level jobs which could still be performed. (Tr. 619). Therefore, assuming that the vocational factors considered by Sparrow fairly characterized Bailey's condition, then a finding of disabled status, within the meaning of the Social Security Act, is precluded.

With regard to the framing of the physical factors of the hypothetical question, the undersigned can find no error. Bailey was treated at Appalachian Regional Healthcare in June of 2002 by a multidisciplinary team which included Dr. George Chaney, Dr. Firas Koura, Dr. Mukat Sharma and Dr. Srini Appakondu. (Tr. 175). Upon discharge, the plaintiff was said not to suffer from any activity limitations. (Tr. 212). The physical restrictions of the hypothetical question were certainly compatible with this opinion. The hypothetical question was consistent with the physical restrictions identified by Dr. David Swan (Tr. 341-348) and Dr. S. Mukherjee (Tr. 379-387), the non-examining medical reviewers. Dr. Paul Forberg, an examining consultant, opined that the claimant would be limited in his ability to perform overhead work, to use his arms and hands for repetitive motions, and restricted from lifting more than 15 pounds.

6

(Tr. 138). At least the sedentary level jobs identified by Sparrow would be essentially compatible with this opinion. Therefore, these medical opinions provide substantial evidence to support the administrative decision.

Dr. James Chaney, another treating source, identified a number of extremely severe physical restrictions, including an inability to lift even 10 pounds. (Tr. 459-461). The ALJ rejected Dr. Chaney's opinion because it did not appear to be well-supported by objective medical data. (Tr. 19). This action appears appropriate. In June of 2003, at the time Dr. Chaney issued his opinion, the doctor's treatment notes record that the plaintiff appeared to be well and was in no distress. (Tr. 468). A chest x-ray was negative. (Tr. 468). In November of 2002, the claimant's neck was noted to be normal to inspection. (Tr. 471). Station and gait were normal. (Tr. 471). In October of 2002, motor testing of the upper extremities was normal. (Tr. 474). Therefore, the ALJ properly rejected Dr. Chaney's opinion and relied upon information form other treating sources and doctors already cited.

The ALJ also dealt properly with the evidence of record relating to Bailey's mental status. The ALJ included all of the mental limitations identified by Psychologist Suzann O'Koon, a non-examining medical advisor, in the hypothetical question. (Tr. 597). Dr. Cletus Carvalho, a treating physician at the Kentucky River Comprehensive Care Center, did not specify any restrictions, but did note a Global Assessment of Functioning (GAF) rating of 61-70 (Tr. 522), suggesting the existence of only "mild" mental limitations, according to The American Psychiatric Association: Diagnostic and Statistical Manual for Mental Disorders (4th Ed.-Revised, 1994). Such a GAF is clearly compatible with the administrative decision. Dr. Robert Eardley, an examining consultant, did not identify any mental restrictions and specifically indicated that the plaintiff would

7

be able to make social and personal adjustments as well as adapt and tolerate the stress of day-to-day work activity. (Tr. 317). Psychologist Christopher Allen, another examiner, did not specifically identify more severe mental restrictions than those found by the ALJ. (Tr. 450-454). Psychologists Lea Perritt (Tr. 325) and Jay Athy (Tr. 363), the non-examining medical reviewers, each opined that the claimant did not even suffer from a "severe" mental impairment. These reports provide substantial evidence to support the administrative decision.

Bailey argues that the ALJ erred in rejecting the opinion of Psychologist Sara Cox, a treating source, in favor of the non-examining O'Koon. Cox reported the existence of extremely severe mental restrictions. (Tr. 446-448). However, treatment records from the psychologist were not included. O'Koon reviewed the entire record and noted that Cox's opinion was not consistent with numerous other reports of record, such as that of Dr. Carvalho, a treating source at Kentucky River. (Tr. 598). An ALJ may rely upon the opinion of a non-examining source over that of an examiner when the non-examiner clearly states the reasons for his differing opinion. Barker v. Shalala, 40 F.3d 789, 794 (6th Cir. 1994). Therefore, the ALJ could properly rely upon O'Koon in preference to Cox.

Bailey argues that the ALJ did not properly evaluate her subjective pain complaints. Pain complaints are to be evaluated under the standards announced in Duncan v. Secretary of Human Services, 801 F.2d 847, 853 (6th Cir. 1986): there must be evidence of an underlying medical condition and (1) there must be objective medical evidence to confirm the severity of the alleged pain arising from the condition or (2) the objectively determined medical condition must be of a severity which can reasonably be expected to give rise to the alleged pain.

8

In the present action, Bailey was found to be suffering from a potentially painful condition. However, even if she could be found to have satisfied the first prong of the so-called Duncan test, the claimant does not meet either of the alternative second prongs. First, the medical evidence does not appear sufficient to confirm the severity of the alleged pain. Second, objective medical evidence would not appear to be consistent with the plaintiff's claims of disabling pain. Therefore, the ALJ would appear to have properly evaluated Bailey's pain complaints.

The undersigned concludes that the administrative decision should be affirmed. Therefore, the Court must grant the defendant's summary judgment motion and deny that of the plaintiff. A separate judgment and order will be entered simultaneously consistent with this opinion.

This the _23_ day of June, 2005.

G. WIX UNTHANK
SENIOR JUDGE

9